UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARANBOLD GANTULGA, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, MAOJUN ZENG, ANTHONY J. SAICH, LLOYD HILL, GARY F. LOCKE, HOWARD W. KOCH, JR., KATHLEEN M. PAWLUS, and DALIAN WANDA GROUP CO.,<br><br>Defendants,<br><br>and<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Nominal Defendant. | Case No. 1:18-cv-10007-ALC<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 12/18/2023 |

[additional caption on next page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER KENNA, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, MAOJUN ZENG, ANTHONY J. SAICH, LLOYD HILL, GARY F. LOCKE, HOWARD W. KOCH, JR., KATHLEEN M. PAWLUS, and DALIAN WANDA GROUP CO., <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:19-cv-09148-ALC |

[additional caption on next page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORRA MANUEL, Derivatively on Behalf of Nominal Defendant AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD L. HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG, <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:20-cv-02456-ALC |

[additional caption on next page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID DINKEVICH and ANN CARTER, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG, <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:20-cv-02870-ALC |

## ORDER AND FINAL JUDGMENT

WHEREAS, (1) Plaintiff Naranbold Gantulga in the action captioned *Gantulga v. Aron, et al.*, Case No. 1:18-cv-10007-ALC (S.D.N.Y.) (the "*Gantulga* Action"), Plaintiff Jennifer Kenna in the action captioned *Kenna v. Aron, et al.*, Case No. 1:19-cv-09148-ALC (S.D.N.Y.) (the "*Kenna* Action"), Plaintiff Lorra Manuel in the action captioned *Manuel v. Aron, et al.*, Case No. 1:20-cv-02456-ALC (S.D.N.Y.) (the "*Manuel* Action"), Plaintiffs David Dinkevich and Ann Carter in the action captioned *Dinkevich, et al. v. Aron, et al.,* Case No. 1:20-cv-02870-ALC (S.D.N.Y.) (the "*Dinkevich* Action"), and Plaintiff John R. Lyon (together with Plaintiffs Gantulga, Kenna, Manuel, Dinkevich, and Carter, "Plaintiffs") in the action captioned *Lyon v. Aron, et al.*, Case No. 1:21-cv-07940-ALC (S.D.N.Y.) (the "*Lyon* Action," and together with the *Gantulga*, *Kenna*, *Manuel*, and *Dinkevich* Actions, the "Derivative Actions"); (2) Defendants Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Maojun Zeng, Anthony J. Saich, Lloyd L. Hill, Gary F. Locke, Howard W. Koch, Jr., Kathleen M. Pawlus, Phillip Lader, Lee E. Wittlinger, and Adam J. Sussman (collectively, the "Individual Defendants"); and (3) Nominal Defendant AMC Entertainment Holdings, Inc. ("AMC" or the "Company," and together with the Individual Defendants, "Defendants" and each a "Defendant," and together with Plaintiffs, the "Parties" and each a "Party"), have entered into the Stipulation of Settlement, dated June 14, 2023 (the "Stipulation"), which (i) sets forth all of the terms and conditions of the settlement and resolution of the Derivative Actions and the litigation demand Plaintiff Lyon made on the AMC Board of Directors (collectively, the "Derivative Matters"), (ii) fully, finally, and forever resolves, discharges, and settles the Released Plaintiff Claims against the Released Defendant Persons, and the Released Defendant Claims against the Released Plaintiff Persons, and (iii) provides for a dismissal of the Derivative Actions with prejudice;

WHEREAS, by Order dated October 6, 2023 (the "Scheduling Order"), this Court: (a) ordered that notice of the Settlement be provided to AMC stockholders; (b) provided AMC stockholders with the opportunity to object to the Settlement, Plaintiffs' Counsel's Fee and Expense Award, and/or the Service Awards; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a telephonic hearing on December 18, 2023 (the "Settlement Hearing") to consider, among other things: (a) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to AMC, and should be approved by the Court; (b) whether an Order and Final Judgment should be entered dismissing the Derivative Actions with prejudice against Defendants; (c) whether Plaintiffs' Counsel's Fee and Expense Award and the Service Awards should be approved; (d) any objections to the Settlement, the Fee and Expense Award, and/or the Service Awards; and (e) any other matters properly brought before the Court in connection with the Settlement; and

WHEREAS, it appearing that due notice of the hearing has been given in accordance with the Scheduling Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the Settlement; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Scheduling Order; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, this 18th day of December, 2023, as follows:

1. Unless otherwise defined in this Order and Final Judgment, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Actions and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties for the purposes of enforcement of the Parties' obligations under the Stipulation. It is further determined that Plaintiffs (individually and derivatively on behalf of AMC), Defendants, AMC, and all AMC stockholders, as well as their heirs, executors, successors, and assigns, are bound by this Order and Final Judgment.

3. This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation, which was filed with the Court on June 23, 2023; and (b) the Notice, which was filed with the Court on October 26, 2023.

4. Based on the record in the Derivative Matters, each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied, and the Derivative Matters have been properly maintained according to Rule 23.1. Plaintiffs have continuously held stock in AMC since the time of the conduct complained of in the Derivative Matters, and otherwise have standing to prosecute the Derivative Matters derivatively on behalf of AMC; the Derivative Actions were properly instituted as derivative actions on behalf of AMC; and Plaintiffs and Plaintiffs' Counsel have adequately represented the interests of AMC both in terms of litigating the Derivative Matters and for purposes of entering into and implementing the Settlement.

5. The Court finds that the form of the Notice of the Settlement and the means of dissemination of the Notice of the Settlement: (a) was implemented in accordance with the Scheduling Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise AMC stockholders of: (i) the pendency of the Derivative Matters; (ii) the effect of the Settlement (including the Releases to be provided thereunder); (iii) Plaintiffs' Counsel's Fee and Expense Award and the Service Awards; (iv) their right to object to the Settlement, Plaintiffs'

Counsel's Fee and Expense Award, and/or the Service Awards; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement; and (d) satisfied the requirements of Rule 23.1, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. Pursuant to, and in accordance with, Rule 23.1, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including without limitation: the Reforms; the Releases, including the release of the Released Plaintiff Claims as against the Released Defendant Persons and the release of the Released Defendant Claims as against the Released Plaintiff Persons; and the dismissal with prejudice of the claims asserted against Defendants in the Derivative Actions), and finds that the Settlement is in all respects, fair, reasonable, and adequate to AMC and its stockholders. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Derivative Actions and all claims contained therein, as well as all of the Released Claims against the Released Persons, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Plaintiffs (individually and derivatively on behalf of AMC), Defendants, AMC, AMC stockholders, the Released Persons, and their respective successors and assigns.

9. The Releases set forth in Paragraphs 5.2 and 5.3 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

        a.        Without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, AMC, the Released Plaintiff Persons (individually and derivatively on behalf of AMC), and each and every stockholder of AMC (individually and derivatively on behalf of AMC) shall and hereby completely, fully, finally, and forever release, relinquish, settle, and discharge his, her, or its right to assert any or all of the Released Plaintiff Claims (including Unknown Claims) against any of the Released Defendant Persons, and shall be forever barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Plaintiff Claims against any of the Released Defendant Persons.

        b.        Without further action by anyone, and subject to Paragraph 11 below, upon the Effective Date of the Settlement, AMC and the Released Defendant Persons each shall and hereby completely, fully, finally, and forever release, relinquish, settle, and discharge his, her, or its right to assert any or all of the Released Defendant Claims (including Unknown Claims) against any of the Released Plaintiff Persons, and shall be forever barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Defendant Claims against any of the Released Plaintiff Persons.

        c.        "Released Defendant Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues, and controversies of any kind, nature, or description whatsoever, whether accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or

unsuspected, liquidated or not liquidated, fixed or contingent, whether based on state, local, federal, statutory, regulatory, common, or other law or rule, including known claims and Unknown Claims, which any Defendant ever had, now has, or may have against any of the Released Plaintiff Persons that arise out of, are based upon, or relate to the institution, prosecution, or settlement of the claims asserted in the Derivative Matters.  For the avoidance of doubt, the Released Defendant Claims shall not include any claims to enforce the Stipulation or the Settlement.

          d.      "Released Defendant Persons" means all persons and entities named as a defendant in the Derivative Actions or that could have been named as a defendant in the Derivative Actions, including, without limitation, the Company's past and present officers and directors, as well as any and all of the respective current and former employers, parent entities, controlling persons, owners, members, co-investors, lenders, principals, affiliates, or subsidiaries of any of the foregoing, and each and all of the respective past or present officers, directors, managers, partners, limited partners, general partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, predecessors, successors, assigns, insurers, and reinsurers of any of the foregoing.

          e.      "Released Plaintiff Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues, and controversies of any kind, nature, or description whatsoever, whether accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, whether based on state, local, federal, statutory, regulatory,

common, or other law or rule, including known claims and Unknown Claims, that (a) were asserted in the Derivative Matters, or (b) Plaintiffs (individually or derivatively on behalf of AMC) or AMC ever had, now have, or hereafter can, shall, or may have that, in full or in part, concern, relate to, arise out of, or are in any way connected to the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Derivative Matters. For the avoidance of doubt, the Released Plaintiff Claims shall not include any claims to enforce the Stipulation or the Settlement.

      f.     "Released Plaintiff Persons" means Plaintiffs and any and all of their respective current and former employers, parent entities, controlling persons, owners, members, principals, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, managers, partners, limited partners, general partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, predecessors, successors, assigns, insurers, and reinsurers.

      g.     "Unknown Claims" means any claims that a Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

7

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement.  The Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims, but, upon the Effective Date, the Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, which now exist, heretofore have existed, or may in the future exist, upon any theory of law or equity, from the beginning of time through the date of execution of the Stipulation, without regard to the subsequent discovery or existence of such different or additional facts.

10. As of the Effective Date, the Parties shall be finally and forever bound by the Settlement and this Order and Final Judgment.  This Order and Final Judgment, including, without limitation, the Releases set forth in Paragraph 9 above, shall have *res judicata*, collateral estoppel, and all other preclusive effects in all pending and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Released Defendant Persons and/or the Released Plaintiff Persons.

11. Notwithstanding Paragraphs 9 and 10 above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce the terms of the Stipulation or this Order and Final Judgment.

12. Neither this Order and Final Judgment, nor the Stipulation, nor the fact or any terms of the Settlement, nor any negotiations or proceedings in connection therewith is or shall be

deemed to be evidence of, or a presumption, admission, or concession by any Party or any Released Person of any fault, liability, or wrongdoing whatsoever, concerning the Derivative Matters or the facts and circumstances giving rise to the Derivative Matters.  This Order and Final Judgment and the Stipulation are not a finding or evidence of the validity or invalidity of any claims or defenses in the Derivative Matters or any other actions or proceedings, or of any wrongdoing by any Defendant or of any damages or injury to Plaintiffs, AMC, or any AMC stockholder.  Neither this Order and Final Judgment, nor the Stipulation, nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, proof, or admission by any of the Released Persons or with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Derivative Matters or in any other litigation or proceeding, or the deficiency of any defense that has been or could have been asserted in the Derivative Matters or in any other litigation or proceeding, or of any liability, negligence, fault, injury, acts, omissions, or other wrongdoing of any kind by any of the Released Persons, or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; (b) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, proof, or admission by any of the Released Persons that any of their claims or defenses are without merit, or that damage recoverable in the Derivative Matters would not have exceeded the Settlement consideration, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any

9

other reason against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; nor (c) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation and/or this Order and Final Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Stipulation and/or this Order and Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise enforce the Stipulation and/or this Order and Final Judgment.

13. The Court hereby approves the sum of $1 million for the payment of Plaintiffs' Counsel's Fee and Expense Award, and finds that the Fee and Expense Award is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Award shall be distributed in accordance with the terms of the Stipulation. Defendants shall have no responsibility for, and no liability with respect to, the allocation of the attorneys' fees and expenses awarded among Plaintiffs' Counsel and/or to any other person who may assert some claim thereto. Any dispute regarding any allocation of fees or expenses among Plaintiffs' Counsel shall have no effect on the Settlement. No proceeding or court order with respect to the Fee and Expense Award shall in any way disturb or affect this Order and Final Judgment (including precluding it from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Order and Final Judgment.

14. The Court hereby approves the Service Awards of $2,000 for each of Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Award in recognition of Plaintiffs' participation and effort in the prosecution of the Derivative Matters. The failure of the Court to

approve any Service Award, in whole or in part, shall have no effect on the Settlement set forth in the Stipulation, and the effectiveness of the Releases and other obligations of the Parties set forth in the Stipulation nevertheless shall remain in full force and effect.

15. Without affecting the finality of this Order and Final Judgment in any way, this Court shall retain continuing and exclusive jurisdiction over the Parties and all AMC stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Parties' obligations under the Stipulation.

16. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of AMC and its stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation or the Settlement.

17. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. This Order and Final Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering this Order and Final Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby expressly directed to immediately enter this final judgment in the Derivative Actions forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 18, 2023

_____
HONORABLE ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE